I/S    RDDJ
       FEE PAID



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

VIVEK SHAH,

v.                                Case No.: 2:25-cv-05902-FMO-(ASx)

ROBINHOOD CREDIT INC.

## VERIFIED COMPLAINT

### *DEMAND FOR JURY TRIAL*

I, Vivek Shah, as Plaintiff, proceeding *pro se*, am bringing this action for damages, injunctive relief, and declaratory relief against Defendant ROBINHOOD CREDIT, INC. ("Robinhood"), and allege the following based on my personal knowledge:

### NATURE OF THE ACTION

1. Robinhood proudly states its foundational mission: "Robinhood was founded on a simple idea: that our financial markets should be accessible to all."[1] This action arises from Robinhood's outrageous, unlawful, and malicious betrayal of that very idea. It arises from Robinhood's decision to abruptly terminate my Robinhood Gold Card credit card account based on the flimsy, unsubstantiated, and pretextual reason of "Suspected fraud." Robinhood, a company that cynically cloaks itself in the virtuous rhetoric of "democratizing finance," has revealed its true nature as a predator. It has unilaterally and unlawfully seized the valuable rewards points I lawfully earned and fully vested in through my responsible use of its credit product, effectuating a modern-day theft under the color of a draconian and unconscionable contract of adhesion.

---

[1] https://newsroom.aboutrobinhood.com/democratizing-finance-with-the-customer-experience-representative-pathways-program/

2. After luring me into its ecosystem with the promise of a premium credit card and a substantial credit limit, Robinhood summarily executed my account without warning, without a specific and truthful reason as required by federal law, and without any semblance of due process. This was not a legitimate business decision; it was an ambush. In doing so, Robinhood has not only stripped me of a valuable credit line but has confiscated my earned property—17,821 rewards points—which I am entitled to.

3. Robinhood's actions are a calculated scheme. It dangles the allure of rich rewards to induce widespread consumer spending, thereby generating enormous profits for itself through merchant interchange fees. Then, at its sole and unfettered discretion, it conjures a vague and baseless accusation of "fraud" to claw back those earned rewards, adding theft to its profit margin. This is a classic bait-and-switch, implemented with chilling efficiency and a complete disregard for the law and the rights of its customers.

4. I am bringing this suit to hold Robinhood accountable for its flagrant violations of the Equal Credit Opportunity Act ("ECOA"), California's Unfair Competition Law ("UCL"), California's Consumers Legal Remedies Act ("CLRA"), and for its breach of the implied covenant of good faith and fair dealing and conversion. I seek the immediate return of my stolen property, compensation for the significant financial and emotional harm Robinhood has caused, and to enjoin this rogue company from continuing its malicious and oppressive practices against other consumers.

**THE PARTIES**

5. I am a natural person and a citizen of California, residing in Los Angeles, California.

6. Defendant Robinhood Credit, Inc. is a Delaware corporation that conducts substantial business in California. Robinhood markets and services the Robinhood Gold Visa® Card.

Its principal place of business is located at 85 Willow Rd, Menlo Park, CA 94025. For purposes of this lawsuit, notices may be sent to its address for service at 548 Market Street, Suite 30684, San Francisco, CA 94104. In acting as alleged herein, Robinhood was acting through its employees, agents, and officers.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this matter pursuant to the ECOA, 15 U.S.C. § 1691e, and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and the respective statutes cited herein.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because I am a resident of this district, and a substantial part of the events and omissions giving rise to the claims, including my use of the card, the earning of my points, and my receipt of the unlawful adverse action notice, occurred in this district.

## FACTUAL ALLEGATIONS

11. On or around May 3, 2025, based on my excellent credit history and pristine financial standing, I applied for the Robinhood Gold Card. Robinhood approved my application and extended to me a credit line of $20,000.

12. The Robinhood Gold Card was marketed with a suite of valuable benefits designed to induce consumers like myself to apply for and heavily use the card. These benefits formed the basis of the bargain and included, but were not limited to:

    a. 3% cash back in the form of points on all eligible purchases;

    b. 5% cash back in the form of points on travel booked through Robinhood's portal;

    c. No foreign transaction fees;

    d. Various other rotating promotional offers and benefits.

13. From the moment I received the card, I used it regularly and responsibly for personal, family, and household expenses. I was a model customer, the kind any legitimate credit card issuer would value. I never carried a balance. I never missed a payment. In fact, I made it a practice to pay off my entire balance in full on a weekly basis, long before the actual payment due date. My conduct demonstrated zero credit risk to Robinhood and, to the contrary, provided it with a substantial and steady revenue stream through merchant transaction fees generated by my spending.

14. On June 26, 2025, with absolutely no warning, no prior communication, no phone call, no email alert, and no indication of any problem whatsoever, I received a terse, single-page email from Robinhood notifying me of my account's summary execution. A true and correct copy of this adverse action notice is attached hereto as **Exhibit A**.

15. The sole reason provided for the closure was a single, cryptic, and defamatory phrase: "Suspected fraud."

16. This reason is a sham. It is an outright lie, a pretextual fabrication designed to mask an unlawful act. I have not engaged in any fraud, and Robinhood possesses no good-faith basis to believe otherwise. Robinhood's notice is deliberately and unlawfully vague. It fails to specify what the supposed fraud was, whether I was suspected of committing it or being a victim of it, what transactions were implicated, or what facts, if any, formed the basis for this supposed "suspicion." It is an unsupportable smear intended to justify an arbitrary and

malicious act of forfeiture.

17. The immediate consequence of Robinhood's bad-faith action was the termination of my $20,000 credit line and the instantaneous loss of all benefits of the Gold Card.

18. A more sinister consequence, however, was Robinhood's intentional conversion of my property. At the time of the account closure, I had lawfully earned and accumulated 17,821 rewards points through my spending. These points are not a gift or a gratuity from Robinhood; they are a form of property I earned and paid for through the interchange fees generated by my transactions. They have tangible value and can be redeemed for travel, merchandise, or cash.

19. When I attempted to redeem my earned points, I was met with a stark message stating, "Point redemption is unavailable because your account is closed." A true and correct screenshot of this message is attached hereto as **Exhibit B**.

20. Robinhood is relying on a provision in its "Robinhood Gold Card Rewards Program Rules" which states: "If we or you close your Robinhood Account, you will have 90 days to redeem your accumulated Points post-closure, unless your account is closed due to fraud or misuse... If your account is closed under those circumstances, you will no longer be able to earn or redeem your Points and you will forfeit any accumulated Points..." This provision, buried deep within a lengthy contract of adhesion, is unconscionable and illegal as applied here. Robinhood has weaponized this term, combining it with its unilateral, unchecked power to declare "suspected fraud" without basis, to steal my earned rewards.

21. I am directly and substantially injured by Robinhood's conduct. My injuries are actual, concrete, and ongoing, not hypothetical or conjectural. They include:

    a. The direct economic loss and wrongful conversion of my 17,821 vested rewards points,

for which I demand specific recovery;

b. The loss of a $20,000 credit facility, which I relied upon for my personal financial management and which negatively impacts my credit utilization ratio;

c. Significant damage to my creditworthiness and credit score due to the sudden, involuntary closure of a major credit account, which will harm my ability to obtain credit in the future;

d. The loss of the future stream of benefits I was entitled to receive under the cardholder agreement;

e. Reputational harm from being falsely and officially labeled as a fraud risk by a financial services company;

f. Significant emotional distress, including anxiety, anger, frustration, and a profound sense of powerlessness and violation resulting from being falsely accused of fraud and having my property brazenly confiscated.

## FIRST CAUSE OF ACTION

### Violation of the Equal Credit Opportunity Act

### (15 U.S.C. § 1691(d); 12 C.F.R. § 1002.9)

22. I re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

23. Under the ECOA and its implementing Regulation B, when a creditor takes an "adverse action" against an applicant, it must provide the applicant with a statement of "specific reasons" for the action. 15 U.S.C. § 1691(d)(2)-(3); 12 C.F.R. § 1002.9(a)(2), (b)(2).

24. Robinhood is a "creditor," I am an "applicant," and the termination of my credit card account is an "adverse action" as those terms are defined by the ECOA.

25. The purpose of the specific-reasons requirement is to ensure that applicants are not left in

the dark and can understand the basis for a creditor's decision, enabling them to correct any erroneous information and improve their creditworthiness. It is a fundamental consumer protection against arbitrary and discriminatory lending practices.

26. Robinhood's stated reason, "Suspected fraud," is not a "specific reason" as required by law. It is the epitome of a vague, conclusory, and non-informative statement that provides no insight whatsoever into the actual basis for Robinhood's decision. It fails to inform me of what information led to the suspicion, preventing me from challenging or correcting any potential errors. It is a catch-all excuse that allows Robinhood to operate with impunity and evade its legal obligations.

27. Robinhood's failure to provide a specific reason for the adverse action is a direct and willful violation of 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9.

28. As a direct and proximate result of Robinhood's violation, I have been injured, including through the loss of credit, the loss of my earned points, damage to my credit standing, and severe emotional distress. I am entitled to actual and punitive damages, as well as equitable and declaratory relief.

## SECOND CAUSE OF ACTION

### Violation of the Unfair Competition Law (UCL)

### (Cal. Bus. & Prof. Code §§ 17200, et seq.)

29. I re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

30. The UCL prohibits any "unlawful, unfair or fraudulent" business act or practice. Robinhood's conduct is a textbook example that violates all three prongs of the UCL.

31. **Unlawful:** Robinhood's conduct is "unlawful" because it violates multiple federal and California state laws. These violations, each of which independently serves as a predicate

for this claim, include: (a) violating the Equal Credit Opportunity Act, as alleged herein; (b) violating the Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(19), by using unconscionable contract provisions, as alleged herein; and (c) committing the common law tort of conversion, as alleged herein.

32. **Unfair:** Robinhood's conduct is profoundly "unfair." First, the abrupt and baseless closure of the account itself is an unfair business practice. I was a model customer, yet Robinhood terminated a significant credit facility I relied upon without a valid reason, causing direct harm to my financial planning and credit standing. Second, Robinhood's practice of confiscating earned rewards points—property earned and paid for by the consumer through transaction fees—based on a unilateral, unsubstantiated, and vague declaration of "suspected fraud" is immoral, unethical, oppressive, and unscrupulous. Both practices leverage a gross imbalance of power and a contract of adhesion to cause substantial, unavoidable injury to consumers that is not outweighed by any legitimate countervailing benefits. The combined act of baseless termination and forfeiture transforms the entire credit relationship into a trap, where earned benefits can be vaporized at Robinhood's whim, a practice that deeply offends established public policy.

33. **Fraudulent:** Robinhood's conduct is "fraudulent" in that it is likely to deceive the public. Robinhood markets its card with the prominent, unqualified benefit of earning valuable rewards, leading reasonable consumers to believe these rewards are a guaranteed part of the bargain. Its hidden practice of summarily confiscating those rewards based on a secret, internal, and unchallengeable "suspicion" is a bait-and-switch that fundamentally deceives consumers about the true, conditional nature of the rewards program.

34. As a direct result of these unlawful, unfair, and fraudulent practices, I have suffered injury

in fact and have lost money or property, specifically the 17,821 points I earned and owned.

35. I am entitled to restitution, including the specific return of my confiscated points, and public injunctive relief to prevent Robinhood from continuing these destructive practices against the general public.

## THIRD CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act (CLRA) (For Injunctive Relief)
### (Cal. Civil Code §§ 1750, et seq.)

36. I re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

37. The CLRA prohibits unfair and deceptive acts and practices undertaken by any person in a transaction intended to result in the sale or lease of goods or services to any consumer. My cardholder agreement with Robinhood is such a transaction for services.

38. Robinhood has violated the CLRA, including, but not limited to, Cal. Civ. Code § 1770(a)(19), by inserting unconscionable provisions into its cardholder agreement and rewards program rules.

39. The following provisions, among others, are unconscionable:

a. The provision allowing the forfeiture of all earned points if an account is closed for "fraud or misuse," which grants Robinhood the sole, absolute, and unreviewable discretion to define such conduct without providing any specific criteria, due process, or opportunity for the consumer to be heard.

b. The provision in the Cardholder Agreement stating, "Subject to applicable law, we may suspend, revoke or cancel your Account privileges... in our sole discretion at any time, with or without cause and with or without giving you notice."

40. These provisions are procedurally unconscionable because they were presented to me on a

take-it-or-leave-it basis in a standardized contract of adhesion drafted by the party with superior bargaining power, with no opportunity to negotiate their terms. They are substantively unconscionable because they are overly harsh, unjustly one-sided, and grant Robinhood arbitrary and god-like power to deprive me of the benefits of the agreement and my vested property rights without a fair, just, and good faith basis.

41. I seek an order from this Court enjoining Robinhood from continuing to use and enforce these unconscionable provisions against other consumers in California.

## FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

42. I re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

43. In every contract in California, including my cardholder agreement with Robinhood, there exists an implied covenant of good faith and fair dealing. This covenant requires that neither party do anything that will injure the right of the other to receive the benefits of the agreement.

44. The benefits of my agreement with Robinhood included the right to use a $20,000 credit line for my personal financial needs and the right to earn and redeem rewards points as a form of rebate on my spending.

45. Robinhood breached the implied covenant by acting in bad faith and unfairly interfering with my right to receive these benefits. Specifically, Robinhood:

a. Terminated my account for a false, pretextual, and arbitrary reason, thereby yanking away the credit line for which I had bargained and qualified.

b. Confiscated my earned rewards points, thereby stealing a key benefit of the agreement that I had already earned and that had vested.

    c. Acted with a conscious and deliberate disregard for my rights as a customer in good standing, treating me as a disposable number rather than a contractual partner.

46. Robinhood's actions were not an honest mistake but were undertaken in bad faith to enforce its agreement in a manner that is contrary to the spirit of the contract and the reasonable expectations of the parties.

47. As a direct and proximate result of Robinhood's breach, I have been damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Conversion)

48. I re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

49. At the time of my account closure, I was the rightful owner of 17,821 rewards points, which have a tangible value and constitute personal property.

50. Robinhood intentionally and substantially interfered with my property by wrongfully exercising dominion and control over these points, preventing me from accessing or redeeming them.

51. I did not consent to this interference.

52. I have been harmed, and Robinhood's interference was a substantial factor in causing my harm. I demand the return of my property.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief - 28 U.S.C. § 2201)

53. I re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

54. An actual controversy has arisen and now exists between myself and Robinhood regarding our respective rights and duties under the cardholder agreement and applicable law. I

contend that Robinhood's termination of my account and forfeiture of my points was unlawful and breached our agreement. Robinhood, by its actions, contends its conduct was permissible.

55. I therefore seek a judicial declaration of the rights and duties of the parties, including a declaration that:

a. Robinhood violated the ECOA by failing to provide a specific reason for the adverse action.

b. The contract provisions allowing forfeiture of points for "suspected fraud" and termination "without cause" are unconscionable and/or void as against public policy.

c. Robinhood breached the implied covenant of good faith and fair dealing.

d. I am the rightful owner of the 17,821 points and entitled to their immediate possession.

## DEMAND FOR JURY TRIAL

56. I hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court enter judgment in my favor and against Defendant Robinhood Credit, Inc. for the following relief:

A. For Declaratory Relief, a declaration from this Court stating that:

  i. Defendant Robinhood's conduct constitutes a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d);

  ii. Defendant Robinhood's conduct constitutes a violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200;

  iii. The contractual provision in the Robinhood Gold Card Rewards Program Rules permitting forfeiture of vested points for "fraud or misuse" is unconscionable and void as against public

policy;

    iv. Defendant Robinhood breached the implied covenant of good faith and fair dealing;

    v. Defendant Robinhood committed the tort of conversion;

B. For Injunctive Relief, a permanent injunction, including a public injunction under the UCL and CLRA, ordering Defendant Robinhood and its agents, employees, and successors to:

    i. Immediately cease and desist from enforcing the unconscionable forfeiture and termination-without-cause provisions in its cardholder agreements against me and all other California consumers;

    ii. Immediately reinstate my 17,821 rewards points to a new or existing account under my control;

    iii. Issue a letter of retraction to me, withdrawing the false accusation of "Suspected fraud";

    iv. Contact all credit reporting agencies to which it reported the account closure and direct them to remove the tradeline entirely or, at a minimum, amend the reporting to reflect that the account was "Closed by Grantor at Consumer's Request" and had a $0 balance with no delinquencies;

C. For Damages, an award of:

    i. All available statutory damages under the ECOA;

    ii. Compensatory and actual damages in an amount to be proven at trial to compensate for my financial losses, reputational harm, and severe emotional distress;

    iii. Punitive damages in an amount sufficient to punish Robinhood for its willful, malicious, and oppressive conduct and to deter future similar conduct by it and others;

D. For Restitution and Equitable Relief, an order for:

    i. The specific return and reinstatement of my 17,821 rewards points;

    ii. Disgorgement of all profits Robinhood unjustly obtained as a result of its unlawful practices;

    iii. An accounting of all interchange fees and other profits Robinhood earned from my account;

E. For Costs and Fees, an award of my reasonable attorneys' fees (if any are retained) and all costs of suit, as provided by law;

F. For Interest, an award of pre-judgment and post-judgment interest at the maximum legal rate; and

G. For All Other Relief, such other and further relief as the Court deems just, equitable, and proper.

Dated: June 26, 2025

Respectfully submitted,

*/s/ Vivek Shah*
Vivek Shah
640 S Curson Ave #1910
Los Angeles, CA 90036
(224)246-2874
newvivekshah@gmail.com

## VERIFICATION

    I, Vivek Shah, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

    Executed on June 26, 2025 at Los Angeles, CA

    /s/ Vivek Shah

    Vivek Shah

# Exhibit A



# Notice of account closure

**JUN 26, 2025**

Vivek Shah,

Thank you for being a Robinhood Credit Card customer. Unfortunately, we are closing your Robinhood Credit Card Visa account at this time.

The reasons for this adverse action are:

- Suspected fraud

If you have any questions regarding this letter, you should contact us at:

> Coastal Community Bank
> c/o Robinhood Credit, Inc.
> P.O. Box 7775, PMB 30684
> San Francisco, CA 94120

**NOTICE**: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Reserve Consumer Help Center, P.O. Box 1200, Minneapolis, MN 55480.

# Exhibit B



## Rewards
**17,821** PTS

 **126,669** LIFETIME

### 3%
CASH BACK

## Ready to use

🎁 **10% back on your next grocery trip**
Use before Sep 20, 2025

## Redeem

Point redemption is unavailable because your account is closed.

 Home      Rewards      Cards      Family