# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH<br><br>Plaintiffs,<br><br>v.<br><br>ROBINHOOD CREDIT INC.<br><br>Defendant, | CASE NO.: 2:25-cv-05902-FMO-AS<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS**<br><br>[*Notice of Motion and Motion to Dismiss; Request for Judicial Notice; and Declaration Under Rule 7-3 filed concurrently*]<br><br>ACTION FILED: June 26, 2025<br>TRIAL DATE: None. |

Parker Ibrahim & Berg LLP
Costa Mesa, CA

/ / /

1  The Court, having considered the motion to dismiss the complaint of plaintiff Vivek Shah ("Plaintiff") by defendant Robinhood Credit Inc., ("RCT") and good cause appearing therefrom, IT IS HEREBY ORDERED as follows:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the claim for "Violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691(d); 12 C.F.R. § 1002.9)" fails. Plaintiff acknowledges that he received the notice of adverse action with the specific reasons stated. Cmp., Ex. A Nothing in the statutory construction requires the level of specificity Plaintiff suggests. *See Carr v. Capital One Bank USA N.A., A Nat'l Banking Ass'n,* No. 1:21-cv-2300-AT-JKL, 2021 U.S. Dist. LEXIS 259505, at *22 (N.D. Ga. Dec. 8, 2021) ("The ECOA, however, does not require a creditor to provide much detail about the reasons underlying an adverse action"). As such, the motion to dismiss is granted as to this claim.

Pursuant to FRCP Rule 12(b)(6), the claim for "Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq." fails. First, Plaintiff's UCL claim is premised upon the same conduct as the ECOA claim, barring the claim under the election of remedies provision. 15 U.S.C. § 1691d subsection (e). Second, Plaintiff fails to allege facts to demonstrate the requisite standing. Cal. Bus. & Proc. Code § 17204. With regard to the unlawful prong, each of Plaintiff's predicate claims fail; and, therefore, Plaintiff cannot support the UCL claim under the unlawful prong. *See, e.g., Republican Nat'l Comm. v. Google LLC*, 742 F.Supp.3d 1099, 1114 (E.D. Cal. 2024) (dismissing plaintiff's claim under the UCL's unlawful prong when the court had already dismissed the predicate claims).

With regard to the unfair prong, Plaintiff identifies the "unfair" conduct as the "abrupt and baseless closure of the account" as well as the forfeiture of the reward points at account closure. Cmp., ¶ 32. Such allegations are insufficient as a matter of law. *See* Wilson *v. HSBC Bank USA, Nat'l Ass'n,* No. CV 13-1111 ABC (JCx), 2013 U.S. Dist. LEXIS 202182, at *15 (C.D. Cal. May 31, 2013) ("Change-in-terms provisions in credit card agreements are expressly authorized under state and federal

Parker Ibrahim & Berg LLP
Costa Mesa, CA

law", citing *Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195 (2011)). Plaintiff also fails to allege sufficient facts under the fraudulent prong. Plaintiff's allegations are conclusory and do not meet the heightened pleading requirement of FRCP Rule 9.

Pursuant to FRCP Rule 12(b)(6), the claim for "Violation of the Consumers Legal Remedies Act (CLRA) (For Injunctive Relief) (Cal. Civil Code §§ 1750, et seq." fails. The CLRA only applies to goods and services, not to the extension of credit such as credit cards. Civ. Code § 1770; *see also Ball v. FleetBoston Financial Corp.,* 164 Cal.App.4th 794, 796 (2008) (the "CLRA does not apply to the issuance of a credit card"). The motion to dismiss is granted as to this claim.

Pursuant to FRCP Rule 12(b)(6), the claim for "Breach of the Implied Covenant of Good Faith and Fair Dealing" fails. Plaintiff has failed to identify any particular provision of the card agreement which RCT's conduct has allegedly frustrated; thus, Plaintiff's implied covenant claim necessarily fails. *Griffin v. Green Tree Servicing, LLC* 2015 U.S. Dist. LEXIS 136367, *34 (C.D. Cal. 2015). This claim is dismissed.

Pursuant to FRCP Rule 12(b)(6), the claim for "Conversion" fails. The claim is barred by the economic loss rule. *United Guar. Mortgage Indem. Co. v. Countrywide Fin. Corp*, 660 F.Supp.2d 1163, 1180 (C.D. Cal. 2009). Moreover, Plaintiff does not establish that the rewards points constitute property or chattel in this instance as they have no value prior to redemption; and, by the terms of the Card agreement, the points were forfeited. Thus, Plaintiff identifies no property to which he was entitled. *Yanik v. Countrywide Home Loans, Inc.,* No. CV 10-6268 CAS (RZx), 2010 U.S. Dist. LEXIS 115717, at *16 (C.D. Cal. Oct. 18, 2010) (citing *de Vries v. Brumback*, 53 Cal.2d 643, 647 (1960)). The motion to dismiss is granted as to this claim.

Pursuant to FRCP Rule 12(b)(6), the claim for "Declaratory Relief – 28 U.S.C. § 2201" fails because no actual and present controversy is identified. *American States Ins. Co v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994). The declaratory relief claim is dismissed.

Finally, Plaintiff's prayer for punitive damages fails pursuant to Rule 12(b)(6) because the claim upon which it is based, ECOA, fails. The claim is otherwise insufficiently pled as it contains no more than bare assertions of intentional conduct, which is insufficient to support such a request.

For these reasons, the motion is granted it in entirety and the complaint is dismissed.

IT IS SO ORDERED.

DATED:_____

_____
Hon. Fernando M. Olguin
United States District Judge

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Vivek Shah v. Robinhood Credit Inc.*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My address is 3070 Bristol Street, Suite 660, Costa Mesa, CA 92626.

On July 29, 2025, I served the foregoing document **[PROPOSED] ORDER GRANTING MOTION TO DISMISS** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐ **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒ **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 29, 2025, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

# SERVICE LIST

*Vivek Shah v. Robinhood Credit Inc.*

| | |
|---|---|
| Vivek Shah<br>1301 N Broadway, Suite 32167<br>Los Angeles, CA 90012 | ***Plaintiff in Pro Per***<br><br>T:  224.246.2874<br>E:  newvivekshah@gmail.com |